(128 App. Div. 167.)

### VON GLAHN v. HEINS.

(Supreme Court, Appellate Division, Second Department. October 16, 1908.)

1. TRUSTS—SALE OF TRUST PROPERTY—STATUTES.

Real Property Law (Laws 1896, pp. 573, 574, c. 547) §§ 85, 87, authorizing a proceeding for the mortgage or sale of real estate, or of an undivided interest therein, held in trust, when for the best interest of the estate, do not authorize an exchange or a partition of real estate; and one owning in his individual capacity an undivided half of several parcels of land, and holding in trust an undivided half thereof, cannot maintain a proceeding for leave, as trustee, to convey lands to himself individually and as an individual to convey to himself as trustee, for the purpose of selling and separating the undivided interests.

2. SAME.

The proceeding allowed by Real Property Law (Laws 1896, pp. 573, 574, c. 547) §§ 85, 87, for the mortgage or sale of real estate held in trust on it appearing to be for the best interest of such estate, is a special one to divest title, and contrary to the course of the common law, and it must be followed in all substantial particulars.

Submitted controversy between Henry Von Glahn and Christopher Heins. Judgment for defendant.

The defendant has contracted to purchase of the plaintiff certain lots of real estate and the question is whether the plaintiff can give good title.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Andrew F. Van Thun, Jr., for plaintiff.
Bernard J. Isecke, for defendant.

GAYNOR, J. The plaintiff has title to only an undivided one half of the land which the defendant has contracted to purchase of him. He and his brother John owned the same and several other parcels of land, mostly improved, as tenants in common. John died, leaving a will by which he devised his estate to the plaintiff in trust, to collect and pay the income to his widow and children, the latter all infants, during their lives, remainder to the said children and their heirs. It appointed the plaintiff sole executor, and gave him a power of sale of

the real estate in his discretion, but only on consent of the widow. He afterwards filed his petition in the Supreme Court stating the said facts, and how he held title to an undivided one half of the said lands individually, and to the other half as such trustee, and that he did not desire to commence a partition action, and praying that he might be permitted as trustee to convey the said lands to himself individually and as an individual convey the same to himself as such trustee, under sections 85 and 87 of the real property law (Laws 1896, pp. 573, 574, c. 547), "for the purpose of selling and separating the aforesaid undivided interests therein." A guardian ad litem having been appointed for the said infant children, the proceeding resulted in a final order to the effect prayed for, and in pursuance thereof the plaintiff so conveyed certain parcels of the said lands to himself individually, and the remaining parcels to himself as such trustee, and paid to himself as trustee the sum of $10,675, as required by the said order, that being the difference in value of the said sets of parcels.

Sections 85 and 87 of the real property law authorize no such proceeding. They only authorize a proceeding for the mortgage or sale of real estate, or of an undivided interest therein, held in trust, "if it shall appear to the court to be for the best interest of such estate." It does not authorize an exchange or a partition of real estate, or a proceeding therefor. The proceeding allowed being a special one to divest title, and contrary to the course of the common law, has to be followed in all substantial particulars in order to be effectual, like a proceeding under the statute for the sale of the real estate of an infant or lunatic, for instance. Moran v. James, 20 Misc. Rep. 235, 45 N. Y. Supp. 537; Blanchard v. Blanchard, 33 Misc. Rep. 284, 67 N. Y. Supp. 478, and cases cited.

Judgment for the defendant.

Judgment for defendant on submission of controversy, with costs. All concur.